UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 98-0378 MEJ |
| Plaintiff, | **ORDER DENYING PETITION FOR EXPUNGEMENT** |
| v. | |
| HERBERT PARTLOW, | |
| Defendant. | |
| _____/ | |

Before the Court is Defendant Herbert Partlow's ("Defendant") Petition for Expungement of Record, filed June 13, 2011. Dkt. No. 23. The government has failed to file any objection to Defendant's motion. For the reasons set forth herein, the Court DENIES Defendant's petition.[1]

### I. BACKGROUND

On November 24, 1998, Defendant was charged with violating 18 U.S.C. § 656 (Theft, embezzlement, or misapplication by bank officer or employee). Defendant subsequently pled guilty, acknowledging that he embezzled, abstracted, purloined, or misapplied funds in the care and custody of Bank of America. On October 7, 1999, the Court sentenced Defendant to two years probation, payment of restitution in the amount of $5,056.48, and payment of a $1,000 fine. As Defendant

---

[1] As Defendant specifically consented in writing to be tried and sentenced by a magistrate judge, and the undersigned magistrate judge ultimately entered the judgment and criminal conviction he now seeks to have expunged, the Court finds that Defendant's consent is properly construed as providing case-dispositive jurisdiction to a magistrate judge over his entire case, including his present request for relief. *United States v. Vasquez*, 74 F. Supp. 2d 964, 966-67 (S.D. Cal. 1999) (citing *United States v. Crane*, 979 F.2d 687 (9th Cir. 1992).

successfully paid restitution and the fine, the Court terminated his probation on October 12, 1999.

Defendant now requests that the Court expunge his criminal record, explaining that it has been difficult for him to pursue employment because his conviction appears as part of employer's background checks.

## II. LEGAL STANDARD

In general when a defendant moves to expunge records, he asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself. *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (citations omitted). "Accordingly, expungement, without more, does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty. *Id.* (internal citation and quotations omitted). Courts may expunge records of criminal conviction by statute, where Congress has set the conditions for expungement in particular cases. *Id.* If no such statute exists for a particular conviction, courts may utilize their inherent authority. *Id.*

Congress has not expressly granted to the federal courts a general power to expunge criminal records. *Id.* at 794. However, the Ninth Circuit has found that district courts have inherent authority to expunge criminal records in appropriate and extraordinary cases, holding that in criminal proceedings "district courts possess ancillary jurisdiction to expunge criminal records. That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231." *Id.* (quoting *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000)). Under this authority, district courts do not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations," because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *Id.* (quoting *Sumner*, 226 F.3d at 1014). Accordingly, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.* (quoting *Sumner*, 226 F.3d at 1014).

## III. APPLICATION TO THE CASE AT BAR

2

Plaintiff does not deny that he exercised poor judgment and committed a criminal act. However, he had never been convicted of a crime before, nor since, and there is no indication that he will engage in future criminal conduct. Def.'s Pet. at 2-3. His crime therefore appears to be an aberration by an otherwise law-abiding and socially-productive individual who accepted responsibility for it and received his punishment. Defendant has had difficulty finding employment because of the conviction and has worked primarily as a temporary/contract employee. *Id.* at 4. Defendant notes that, while working as a temporary employee for Deloitte & Touche, he was offered a full-time position, but was later rejected because the 1999 conviction. *Id.* at 3. If the conviction record is maintained, he will undoubtedly encounter difficulty in obtaining other employment. While not rejecting Defendant's characterization of his situation, the Court finds that the reasons presented do not support expungement.

Under *Crowell*, the Court does not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations." *Crowell*, 374 F.3d at 794. Instead, it is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.* Collateral employment consequences, such as those presented here, are insufficient to warrant relief. *Sumner*, 226 F.3d at 1015 (holding that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief such as enhancing employment opportunities); *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (holding that impediments in finding employment are merely "adverse consequences which attend every arrest and conviction" and thus, are insufficient to warrant expungement); *United States v. Vasquez*, 74 F. Supp. 2d 964, 968 (S.D. Cal. 1999) (hardship in obtaining and maintaining employment, owing to an old misdemeanor conviction, is not sufficient to authorize the court to order expungement of conviction). There is no suggestion that Defendant's conviction was in any way unlawful or invalid, or that the government engaged in any sort of misconduct. Just the opposite is true; he readily admits that over ten years ago he exercised poor judgment, knowingly committed a crime, and consequently pled guilty. Defendant has established that, despite his rehabilitation, he will continue to experience hardship in obtaining and maintaining

3

employment, owing to an old misdemeanor conviction. However, the Court cannot grant expungement on this ground.

Defendant also argues that expungement is appropriate based on ineffective assistance of counsel. Specifically, Defendant contends that had he known of the adverse consequences at the time of his plea entry, he would not have pled guilty. Defendant, however, does not provide any authority, case law or otherwise, supporting his assertion that his guilty plea, based on the alleged ineffective assistance of counsel, rises the to level of an "extraordinary circumstance" resulting in expungement. *See, e.g., United States v. Saah*, 2007 WL 734984, at *2 (E.D. Mich. Mar. 8, 2007) (finding that attorney's failure to advise the defendant of the adverse consequences a felony conviction would have on ability to travel and "get other employment" does not provide basis for expungement).

## IV.  CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Defendant's Petition for Expungement of Record is DENIED.

**IT IS SO ORDERED.**

Dated: July 21, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

4